UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREGENE PIERRE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEGAL SEA FOODS, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 11-10710-LTS |

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

May 17, 2013

SOROKIN, C.M.J.

On February 15, 2013, the Plaintiff, Andregene Pierre, moved pursuant to Fed. R. Civ. P. 60(b)(1) for relief from the Court's February 29, 2012 dismissal of his claim (for lack of prosecution) as well as for relief from the judgment entered on March 14, 2013.  Docket # 37.

For the following reasons, his Motion is DENIED.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2011, Pierre (acting pro se) brought an employment discrimination suit against the Defendant, Legal Sea Foods, Inc., his former employer.  Docket # 1.  On October 3, 2011, Legal Sea Foods filed a Motion to Compel discovery from Pierre, asserting inter alia that Pierre failed to sign his interrogatory answers, made incomplete witness identifications, did not answer numerous interrogatories and document production requests at all, answered other

1

document requests simply by making reference to an unrelated interrogatory answer, and inappropriately altered medical record authorizations before signing them. Docket # 16. On October 6, 2011, the Court allowed Legal Sea Foods's motion in part and ordered Pierre <u>inter alia</u> to sign his discovery responses under oath, sign medical record authorizations, and to make discovery responses in compliance with applicable procedural rules.

On December 9, 2011, Legal Sea Foods filed its Second Motion to Compel, asserting that Pierre had refused to answer its second document production request and had refused to sign a consent form permitting a physician to be deposed (despite having identified that same physician as a fact witness he intended to call at trial). Docket # 22. On December 16, 2012, the Parties filed a joint motion seeking a referral to mediation and seeking to revise the scheduling order governing the case. Docket #23. Several days later, the Court allowed that motion, revising the schedule governing the case, referring the case for mediation "as soon as reasonably possible," and instructing the Court's ADR program to consider Pierre for participation in its Pro Se ADR Program (which provided attorneys to represent pro se plaintiffs on the day of mediation only). <u>See</u> <u>Electronic Order of December 19, 2011</u>; Docket # 24. The Court did not stay the case pending mediation (although it did revise the schedule to permit the mediation to occur). <u>Id.</u>

Pierre did not file an opposition to Legal Sea Foods's Second Motion to Compel. On January 4, 2012, the Court allowed the unopposed motion. Docket # 26. The Court ordered Pierre to provide responses, signed under oath, to each of the outstanding discovery requests at issue. Noting that Pierre's discovery responses and his failure to provide signed releases had been the subject of a previous Order, the Court specifically warned Pierre that, "<u>[a] further failure to comply with Orders of the Court may lead to the imposition of sanctions (including fines, the</u>

exclusion of . . . testimony from the trial of this matter and/or the dismissal of the Plaintiff's case." Id. (emphasis in original).  The Court established January 12, 2012, as the deadline for Pierre to comply with its Order.  The Court mailed the January 4, 2012, Order to the address Pierre had provided to the Court.

On the following day, January 5, 2012, the Court's ADR Coordinator made a notation on the docket that she had sent a letter to Pierre (at the address he had provided to the Court) requesting that he indicate whether or not he desired the appointment of counsel for the mediation.  See Staff Notes of January 5, 2012.  Pierre responded to this letter by contacting the ADR Coordinator by telephone requesting mediation counsel.

The deadline for Pierre to comply with the Order of January 4th passed on January 12th without Pierre making the required discovery responses to the Defendant.  On January 13, 2012, in response to Pierre's telephone request, the Court issued a notice informing the Parties that it would appoint an attorney for Pierre for the limited purposes of the mediation.  On the same day, Legal Sea Foods filed a Motion for Dismissal and/or Other Sanctions, seeking the dismissal of Pierre's Complaint as a sanction for his failure to comply with the Court's Order of January 4, 2012. Docket # 28.  Legal Sea Foods's counsel certified therein that she had served a copy of the motion for sanctions upon Pierre at the address provided by him to the Court and which appeared upon the docket (the same address to which the Court's ADR Coordinator had directed its letter concerning the Pro Se ADR Program, and to which Pierre responded).  Id. at 4.

On January 18, 2012, the Court ordered Pierre to respond to the pending Motion to Dismiss by January 27, 2012 and to show cause (in the same filing) why his case should not be dismissed for his failure to obey Orders of the Court and to prosecute his case.  Docket # 29.  The

Order to Show Cause specifically required compliance, "despite the pending referral to the Court's Alternative Dispute Resolution program." Id.

On January 27, 2012, Attorney Fried filed an appearance via the Court's Limited Appointment of Counsel Pursuant to the Pro Se Mediation Program form. Docket #30. This form notes that Attorney Fried was not responsible inter alia for conducting discovery or preparing or responding to motions. Id. Pierre indicated by his signature that he understood and agreed to the terms of the limited appointment of Attorney Fried. Id. Thus, Pierre and Attorney Fried communicated on or before January 27, 2012. That day marked the last allotted day for filing a response to Legal Sea Foods' Motion to Dismiss as established by the Court on January 18th. Pierre failed to make any filing whatsoever by the deadline.

On February 7, 2012, Legal Sea Foods filed a Motion for Entry of Judgment Dismissing Plaintiff's Claims. Docket # 31. Its counsel certified therein that she had served the motion upon Pierre at his address of record. Id. at 5. By February 29, 2012, the time to respond to this motion had also passed without any filing from Pierre. As of February 29, 2012, Pierre had failed: (1) to oppose the February 7, 2012 Motion for Dismissal; (2) to comply with the Court's January 18, 2012 Order to Show Cause; (3) to oppose the January 13, 2012 Motion to Dismiss; and, (4) to comply with the Court's January 4, 2012 Order. In short, Pierre had made no responses whatsoever to any of these filings or Orders. Accordingly, the Court dismissed Plaintiff's case. Docket # 32. Judgment entered on March 14, 2013. Docket # 34.

The Court heard nothing further from Pierre (even after the dismissal) until approximately one year later when Pierre (now represented by counsel, his former mediation counsel) moved pursuant to Fed. R. Civ. P. 60(b)(1) for relief from judgment. Docket # 37. Counsel suggests that

"[t]here is reason to believe that Pierre did not actually receive [Legal Sea Foods's] two motions to dismiss, as they were mailed to a post office box that was inactive." Docket #37 at 5 n.1. In support of this contention, counsel reports her own experience: she mailed a letter to Pierre's address of record (a post office box) on January 17, 2012 and the Post Office returned it to her on January 30, 2012 bearing the notation "Attempted - Not Known Unable to Forward." Docket # 40 at ¶ 2.

Pierre, however, <u>did</u> receive a letter sent to his post office box address by the ADR Coordinator on January 5, 2012, as evidenced by his telephone response to same and the subsequent assignment of mediation counsel. Therefore, he presumably also received the Court's January 4, 2012 Order.

More importantly, Pierre bore the burden of informing the Court of any change in his proper mailing address. <u>See</u> L.R. 83.5.2(e) (Each . . . party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number . . . Notice mailed to an attorney's or party's last address of record shall constitute due notice contestable only upon proof of a failure to mail delivery"). Both the Court and the parties were entitled to rely upon the mailing address listed on the docket. Notably, while Pierre affirms that he "did not get the motions to dismiss that [Legal Sea Foods] filed in January and February 2012," he omits any assertion that he did not receive the Court's Orders dated January 4, 2012 or January 18, 2012. In addition, he does not affirm that his address changed, explain why he failed to receive correspondence directed to the address he had provided to the Court, or why he failed to notify the Court of a change of his address, if any.

II.     STANDARD OF REVIEW

Fed. R. Civ. P. 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The First Circuit has characterized Rule 60(b) as "a vehicle for extraordinary relief" and held that motions brought pursuant to that rule should be granted "only under exceptional circumstances." Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 27 (1st Cir.2006) (quoting Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir.1986)). A party seeking relief under Rule 60(b) must demonstrate "at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir.2009) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir.2002)).

"Excusable neglect" is a fairly flexible concept that encompasses "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Id. (quoting Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 388 (1993)) (considering the meaning of "excusable neglect" in context of parallel provision of federal bankruptcy rules).

III.    DISCUSSION

In the foregoing circumstances, Pierre has failed to bear his burden under Rule 60(b)(1) of demonstrating mistake, inadvertence, surprise, or excusable neglect, or his burden under Rule 60(c)(1) of demonstrating that he brought his motion within a reasonable time. On the present record, the Court finds that Pierre did receive the Court's January 4, 2012 and January 18, 2012

6

Orders.  Moreover, the mailing by Legal Sea Foods of its motions to Pierre's address of record suffices to establish proper notice, especially where (as here) Pierre fails to explain the circumstances surrounding his receipt of mail at his box.

Pierre's argument concerning surprise merits further comment.  He argues that Legal Sea Foods solicited his assent to refer the case to mediation and that as part of the Parties' joint motion for a mediation referral, they requested a revised discovery schedule allowing for discovery to continue after the mediation.  The Court allowed this motion in December 2011.  Pierre contends that Legal Sea Foods thereby engaged in a form of "bait and switch" by then pressing ahead with discovery and with their subsequent requests for sanctions/dismissals.  See Docket # 37 at 8.

Pierre's argument misses the mark.  A continuation of discovery following a referral to mediation (but before the mediation actually occurs) is often critical to the utility of conducting the mediation.  Medical damages discovery, for example (the very type of discovery Legal Sea Foods sought in this case from Dr. Worcester) often substantially advances the prospects for a successful mediation.  Legal Sea Foods was well within its rights to press ahead with discovery in the absence of a stay, and its doing so made good sense (at least with respect to some of the information sought).  Moreover, the Court's January 4, 2012 Order (which Pierre received, see supra), required Pierre to respond to discovery.  The Court's January 18, 2012 Order (which Pierre also received, see supra) removed any possible doubt on this point.  It ordered Pierre to respond to Legal Sea Foods's motion to compel despite the referral to mediation.

Pierre has not attempted to meet the remaining elements of his Rule 60 burden, such as demonstrating that he has a meritorious claim, or that no unfair prejudice will accrue to Legal Sea

Foods if his motion is allowed.  See, Fisher, 589 F.3d at 512.  With respect to his delay of almost one year in filing his Rule 60(b)(1) motion, Pierre submits evidence which establishes that his counsel was unavailable during a meaningful portion of the period.  However, setting aside that period of time (as I do) fails to save Pierre's motion.

In short, there are "no exceptional circumstances here such as would justify the granting of extraordinary relief."  See Fisher, 589 F.3d at 514.

Pierre's Motion for Relief from Judgment (Docket # 37) is DENIED.

SO ORDERED,

  / s / Leo T. Sorokin  
Leo T. Sorokin  
Chief United States Magistrate Judge